IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>ROQUE URDIALES GARCIA,<br>  Movant, Defendant. | )<br>)<br>)<br>)<br>)  Criminal NO.H-89-00232-SS<br>)      (Defendant #3)<br>)<br>)  Hon.David Hittner<br>)<br>) |

United States District Court
Southern District of Texas
FILED

NOV 1 2010

David J. Bradley, Clerk of Court

**MOTION IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS
PURSUANT TO 28 U.S.C. §1651**

Comes now movant pro-se, and moves this Court pursuant to 28 U.S.C.§1651(a)(Coram Nobis) to:

1. Vacate Mr.Garcia's sentence for the three convictions that were vacated pursuant the the United States Supreme Court's decision in <u>Rutledge V.United States</u>, 517 US 292, in this Court's June 30, 1998, Order.

2. Issue a new Judgement and Commitment order without the three previously vacated convictions.

3. Order a new presentence report without the three vacated convictions and the drug amounts related to the vacated counts, including any enhancements associated with the vacated counts.

4. Rescind the three special assessment fees, fines, tax, or penalties that went with the vacated counts.

5.    Grant any other relief deemed appropiate by this Honorable court.

Dated: 10-26-2010                        Respectfully Submitted,

*Roque Garcia*
Roque Garcia #49905-079
FCI-Greenville
P.O. 5000
Greenville, Il
    62246-5000

---

This motion has been prepared by Pat Thelen for Mr.Garcia, as Mr.Garcia is a Mexican national with little understanding of American law and the english language. This preparer realizes that in the past Mr.Garcia has recieved some less than stellar assistance from other inmates that have not followed the proper procedures. This motion is brought with good faith and in accordance with proper procedure and merit.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA, )
   Plaintiff, )
)
v. ) Criminal No.H-89-002320-SS
) (Defendant No.3)
)
) Honorable: David Hittner
ROQUE URDIALES GARCIA, )
   Movant, Defendant. )
)

BRIEF IN SUPPORT OF MOTION FOR WRIT OF ERROR CORAM NOBIS
PURSUANT TO 28 U.S.C.§1651(a)

Procedural History

Mr.Garcia made his initial appearance before the United States Magistrate Judge Karen Brown on July 20,1989 to answer the original indictment. He was remanded to custody and has remained in custody ever since. His jury trial on the second superseding indictment began on April 16,1990. A verdict of guilty was returned on all counts on June 15,1990. Sentence imposed on August 30,1990 was as follows:

    600 months as to counts 1,3,31,39 and 40;
    480 months as to counts 2,26, and 27;
    60 months as to counts 16; and,
    48 months as to counts 13-15, 19, 23-25, 28, 36, and 38.

The terms imposed on all counts were ordered to be served concurrently. His appeal was affirmed on August 27,1993. **United States**

V.Garcia, 1 F.3d 330 (5th Cir.1993).

Mr.Garcia filed a motion for post-conviction relief pursuant to 28 U.S.C. §2255 on April 24,1997. On June 30,1998, this Court vacated counts 1, 2, and 3 that are the subject of this motion. Ex.A These convictions were vacated pursuant to the United States Supreme Courts decision in Rutledge V.United States, 517 US 292, 134 L.Ed 2d 419, 116 S.Ct.1241, and the fifth Circuits decision in United States V.Gonzalez Balderas, 11 F.3d 1218, 1225 (5th Cir.1994) which held that conspiracy offenses under 21 U.S.C. §846 were lesser included offenses of 21 U.S.C. §848, continuing criminal enterprise and were cumulative punishment unauthorized by congress.

When this Court vacated Mr.Garcia's convictions it failed to follow the Supreme Courts binding precedent along with the fifth Circuit Court of appeals rulings and also vacate Mr.Garcia's sentence. This Court never vacated the illigal sentences, never ordered a new presentence report without the vacated convictions which added 10 kilos of cocaine and 100 kilos of marijuana to the presentence report, and never issued a new Judgement and Commitment without the vacated convictions. This court also errored by not rescinding the fifty dollar special assessment imposed on each of the vacated counts.

## JURISDICTION AND CORAM NOBIS

Discussion

This Court has jurisdiction pursuant to the All Writs Statute, 28 U.S.C. §1651. A movant who is no longer in custody on the convictions being challenged may use a "motion in the nature of Coram Nobis" to challeng expired convictions.
In United States V.Morgan, 346 US 502, 98 L.Ed 2d 248, 74 S.Ct.247, the

-2.-

Supreme Court addressed the issue of Coram Nobis and held that it is available to persons whose convictions have expired; and "is a step in the criminal case and not, like habeas corpus where relief is sought in a seperate case and record, the beginning of a seperate civil proceeding. Id. at **98 L.Ed 2d 249, 261.**

The fifth Circuit has also weighed in on coram nobis in a case this Court may recall <u>United States V.Esogbue</u>, 357 F.3d 532(5thCir. 2004)(discussing the writ of error coram nobis and the writs availablity where one is no longer in custody on challenged conviction). Obviously Mr.Garcia is no longer "in custody" on the three convictions vacated by this Courts June 30,1998 Order, however, Mr.Garcia continues to carry the weight of the vacated convictions since this Court:

1. Never vacated Mr.Garcia's sentence as required by law and the United States Supreme Court's decisions that predated this Courts June 30,1998 Order. See **Rutledge** supra, <u>**Ball V.United States**</u>, 470 U.S.856, 864, 105 S.Ct.1668, 1673, 84 L.Ed 2d 740(1985) (the proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction **and sentence** of the lesser included offense.)[Emphasis added]

2. Never issued a new judgement and commitment order without the vacated convictions.

3. Never ordered a new presentence report without the vacated drug quantities and any enhancements associated with the vacated convictions.

4. Never rescinded the special assessment charged for the three vacated counts.

Thus based on the fact that Mr.Garcia is only challenging the

the three vacated counts and colleteral issues related only to the vacated counts this court has jurisdiction under 28 U.S.C. §1651 (Coram Nobis) as Mr. Garcia is not in custody on the challenged "convictions".

## GROUNDS FOR RELIEF

1.   This Court was without jurisdiction to convict and sentence Mr.Garcia on Counts 1, 2, and 3 in the second superseding indictment. This court aknowledged this in its June 30,1998 Order Vacating Mr.Garcia's convictions on counts 1,2, and 3. However this Court committed a fundamental jurisdictional error by not also vacating Mr.Garcia's sentence as required by law and the 5th and 8th Amendments of the U.S.Const.

2.   This court errored by not ordering a new presentence report without the vacated convictions and drug amounts that were associated with the vacated counts. This violates Mr.Garcia's constitutional rights under the 5th and 8th Amend. of the U.S.Const.

3.   This Court errored by not issuing a new Judgement and Committment order without the three vacated counts in violation of of Mr.Garcia's constitutional rights under the 5th and 8th Amend. of the U.S.Constitution.

4.   This Court errored by not rescinding Mr.Garcia's special assessment fee, fine, penality, or tax which was part of the conviction in violation of Mr.Garcia's 5th and 8th amend. rights under the U.S.Const.

### GROUND I

**THIS COURT ERRORED WHEN IT VACATED MR.GARCIA'S CONVICTIONS ON COUNTS I,II, AND III IN THE INDICTMENT AND FAILED TO VACATE THE SENTENCES THAT WENT ALONG WITH THE THREE**

-4.-

## COUNTS IN DIRECT VIOLATION OF THE 5th AND 8th AMENDMENT OF THE UNITED STATES CONSTITUTION

On June 30,1998 this Court vacated three of Mr.Garcia's conspiracy convictions based on **Rutledge** supra, and the fifth Circuit Court of appeals decision in <u>United States V.Gonzalez-Balderas</u>, **11 F.3d 1218,1225(5thCir.1994)**(which held that a conspiracy conviction under 21 U.S.C.§846 is a lesser included offense of 21 U.S.C. §848 and therefore §846 conspiracy charge should be vacated **along with the sentence** on double jeopardy grounds).

This court did not have jurisdiction to convict Mr.Garcia on the conspiracy counts so it certainly did not have jurisdiction to sentence him on the same counts.
All courts that have addressed this issue have ruled consistently that the proper remedy for convictions on both greater and lesser included offenses is; to vacate the conviction **and the sentence** of the lesser included offense. <u>Rutledge V.United States</u>, 134 L.Ed 2d 419,426,429(1996) <u>Ball V.United States</u>, 84 L.Ed 2d 740,748, <u>United States V.Gonzalez Balderas</u>, 11 F.3d 1218,1225 (5thCir.1994), <u>United States V.Michel</u>, 588 F.2d 986,1001(5thCir.1979). The two Fifth Cir. cases cited above are the very cases cited by this Court as requiring the vacation of Mr.Garcia's convictions and both also support the proposition that the sentences should also have been vacated. "The proper remedy for convictions on both greater and lesser offenses is to vacate **both the conviction and sentence**". <u>Michel</u> at 588 F.3d 1001 [Emphasis added]

The eleventh Circuit in <u>United States V.Rosen</u>, 764 F.2d 763,767 **(11thCir.1985)** laid out the rational behind the importance of also

-5.-

vacating the sentence, stating; "mulitple count convictions present the trial court with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendants behavior. When that scheme is disrupted because it has incorporated an illigal sentence, it is appropriate that the entire case be remanded for resentencing." Thus the appropiate remedy is to vacate Mr.Garcia's sentences for the three vacated convictions as the sentences are unauthorized punishment that do not evaporate simply because of the concurrence of the sentences. See **Ball** supra, at **84 L.Ed 2d 748**(proper remedy is to vacate conviction and sentence). See also **Missouri V.Hunter**, **459 US 359,368, 74 L.Ed 2d 535, 103 S.Ct. 673(1983)** (one of the convictions, as well as its sentence, is unauthorized punishment for a seperate offense.

    Since this Court did not have jurisdiction on the three vacated counts it must vacate these illegal and unconstitutional sentences that violate Mr.Garcia's constitutional rights.

## GROUND II

**THIS COURT ERRORED BY NOT REQUIRING A NEW PRESENTENCE REPORT WITHOUT THE VACATED CONVICTIONS VIOLATING MR.GARCIA'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AMENDMENT OF THE U.S.CONSTITUTION**

    Since the proper remedy for both greater and lesser offenses is to vacate the conviction and sentences of the lesser included offenses, due prosess also requires a new presentence report without the vacated convictions and any other colleteral consequences associated with the vacated convictions. In the case at bar this would mean the removal of ten kilos of cocaine and 100 kilos of marijuana, along with several other enhancements. This is a substantial amount of drugs that not only changed Mr.Garcia's sent-

-6.-

encing characteristics, but also effects Mr.Garcia's prison custody level as the amount of drugs in the presentence report [hereinafter PSR] also determines the severity level for the Bureau of Prisons classification. **Ex.B**

As far as the Bureau of Prisons is concerned Mr.Garcia is still serving time for the vacated counts and views the drug amounts in the PSR as accurate. This violates every principal of fairness and due process, and clearly violates Mr.Garcia's rights under the 5th Amend. of the U.S.Const.

## GROUND III

**THIS COURT ERRORED BY NOT ISSUING A NEW JUDGEMENT AND COMMITMENT ORDER WITHOUT THE VACATED COUNTS VIOLATING MR.GARCIA'S 5th AND 8th AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION**

When this Court vacated counts I,II, and III it never issued a new Judgement and Commitment order. This violated every principal of due process. The Judgement and Commitment order is what every governmental agency looks at to determine Mr.Garcias incarceration status. It defies logic that according to this document Mr.Garcia is still convicted and serving time on the three vacated counts. This is the controlling document for the Bureau of Prisons and law enforcement. It was mandatory that this Court issue a new Judgement and Commitment order reflecting that counts I,II, and III were vacated along with the sentence.

## GROUND IV

**THIS COURT ERRORED BY NOT RESCINDING MR.GARCIA'S SPECIAL ASSESSMENT FEE, FINE, PENALTY, OR TAX WHICH WAS PART OF THE CONVICTION, IN VIOLATION OF MR.GARCIA'S 8th AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION**

The 8th amendment of the constitution protects against

-7.-

excessive bail, fines, and punishment. When this Court vacated Mr.Garcia's convictions on counts I,II, and III it failed to rescind his special assessment of fifety dollars on each count. the United States Supreme Court in **Rutledge** supra, at **134 L.Ed 2d 421,429**, addressed the fact that 18 U.S.C. §3013 requires a federal district court to impose a $50.00 special assessment for every conviction, and as such it is a colleteral consequence of the conspiracy conviction. Id. at 429.

Thus this Court was required by law and the 8th Amendment to also vacate / rescind Mr.Garcia's special assessment as this was punishment not authorized by congress.

## CONCLUSION

That this Court was without jurisdiction to convict and sentence Mr.Garcia on counts I,II, and III in this case is undisputed. Every Court to address the issue has held the sentence must be vacated with the conviction in these circumstances. The fact that this Court vacated the three convictions without vacating the three sentences cannot be squared with Congress' intention. Three of the vacated convictions, as well as the concurrent sentences, were unauthorized punishment. See **Missouri V.Hunter, 459 US 359,368, 74 L.Ed 2d 535, 103 S.Ct.673 (1983)** ("Legislatures, not courts prescribe the scope of punishments"). Id.at 368

Based on the fact that this Court was without jurisdiction to impose the three sentences associated with the vacated convictions this court should now vacate the unauthorized sentences that were outside its jurisdiction. When a man sits in prison on an illigal sentence it brings the fairness and integ-

rity of the legal system into question. That Mr.garcia's sentence was never vacated may have been an oversight or error earlier, however, it is now before this Court in the proper "vehicle" and Mr.Garcia respectfully requests the error be remedied.

**PRAYER FOR RELIEF**

Mr.Garcia respectfully requests this Court 1. Vacate the unauthorized sentences. 2. Order a new PSR prepared without the offending convictions, and any colleteral enhancements associated with the three conspiracy convictions. 3. Rescind the three special assessments imposed for the vacated counts. 4. Issue a new sentence without the conspiracy convictions, along with a new Judgement and Commitment and order based on the new PSR.

Dated: 10-26-2010                                 Respectfully Submitted,

                                                  *[signature]*
                                                  Roque Garcia #49905-079
                                                  FCI-Greenville
                                                  P.O. 5000
                                                  Greenville, Il
                                                    62246

I declare under the penalty of perjury that the above and is true and correct to the best of my knowledge information and belief.

*[signature]*

## CERTIFICATE OF SERVICE

I certify that on 28th day of October 2010, a true and correct copy of the above and foregoing motion in the nature of coram nobis was placed in the U.S.Mail with sufficient First Class postage affixed thereto, addressed to:

Joe Mirsky
AUSA
P.O.Box 61129
Houston, Tx
        77208

*Roque Garcia*
Roque Garcia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUL - 6 1998

Michael N. Milby, Clerk

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Respondent, | § | CIVIL CASE NO. H-97-1414 |
| vs. | § | |
| ROQUE URDIALES GARCIA, | § | CRIMINAL CASE NO. H-89-232SS |
| Petitioner. | § | |

ORDER

Pending before the Court is the motion to vacate, set aside, or correct sentence (97-CV-1414, Document #1, 89-CR-232, Document #1246) filed by petitioner, Roque Urdiales Garcia ("Garcia") and a motion for summary judgment (89-CR-232, Document #1274) filed by the respondent, the United States of America ("the government"). Having considered the motions, submissions of the parties in the civil action and underlying criminal action and the applicable law, the Court determines that Garcia's motion to vacate should be granted in part and denied in part.

Garcia was indicted on June 18, 1989. Superseding indictments were filed on July 17, 1990 and January 1, 1990, charging Garcia and others with numerous offenses: conspiracy to possess cocaine with intent to distribute (Count 1), conspiracy to possess marijuana with intent to distribute (Count 2), conspiracy to import cocaine (Count 3),

**EXHIBIT A.**

thus argues that this conviction results in a double jeopardy violation. In <u>United States v. Gonzalez-Balderas</u>, 11 F.3d 1218, 1225 (5th Cir. 1994), the court found that a conspiracy conviction under 21 U.S.C. § 846 was a lesser-included offense of § 848, and therefore the § 846 conspiracy charge should be vacated on double jeopardy grounds.

In this case, the government concedes that Garcia is correct. Therefore, Garcia's conspiracy convictions and sentence for counts 1, 2, and 3 should be vacated. To warrant resentencing, however, the conspiracy convictions must have led the trial court to impose a harsher sentence on the count of continuing criminal enterprise. <u>United States v. Michel</u>, 588 F.2d 986, 1001 (5th Cir. 1979). Because Garcia's sentence was calculated based on his 19 count conviction, his sentence of a continuing criminal enterprise was not harsher as a result of the lesser conspiracy convictions.[2] Therefore, this Court's vacating the conviction for counts 1, 2, and 3 does not warrant a resentencing. Based on the foregoing the Court hereby

ORDERS that Garcia's motion to vacate, set aside, or correct sentence (97-CV-1414, Document #1, 89-CR-232, Document #1246) is GRANTED in part, and DENIED in part and the government's motion for summary judgment (89-CR-232, Document #1274) is GRANTED in part and DENIED in part. Garcia's conviction of conspiracy with respect to counts 1, 2, and 3 is VACATED. His sentence however, is not

---

[2] In his § 2255 motion, Garcia did not request that the Court resentence him with respect to this claim.

11

**EXHIBIT A.**

modified. In all other respects, Garcia's motion is DENIED and the government's motion is GRANTED.

SIGNED at Houston, Texas, on this the 30 day of June, 1998.

DAVID HITTNER
United States District Judge

12

**EXHIBIT A.**

\* Any **drug offender** whose current offense includes the following criteria will be scored in the Greatest severity category:

The offender was part of an organizational network and he or she organized or maintained ownership interest/profits from **large-scale** drug activity,

***AND***

The <u>**drug amount**</u> equals or exceeds the amount below:

**Cocaine** - greater than or equal to 10,000 gm, 10 K, or 22 lb

**Cocaine Base "Crack"**     - greater than or equal to 31 gm

**Hashish** - greater than or equal to 250,000 gm, 250 K, or 551 lb

**Marijuana** - greater than or equal to 620,000 gm, 620 K, or 1,367 lb

**PCP** - greater than or equal to 100,000 mg, 100 gm, or 20,000 dosage units

**Heroin or Opiates** - greater than or equal to 2,000 gm, 2 K, or 4.4 lb

**Methamphetamine** - greater than or equal to 16,000 gm, 17 K, or 35 lbs

**Other illicit drugs:** - Amphetamine, Barbiturates, LSD, etc. greater than or equal to 250,000 dosage units

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1

**EXHIBIT B**

**CERTIFIED MAIL**

7005 2570 0001 9176 2291

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

**INTERNATIONAL RESTRICTIONS APPLY:**

**4-POUND WEIGHT LIMIT ON INTERNATIONAL APPLIES**

Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.gov or ask a retail associate for details.

Legal Mail



USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps

Cradle to Cradle Certified℠ is a certification mark of MBDC.

Label 228    July 2002

**Flat Rate Mailing**

Visit us at usps.com

For Domestic

From: Roque Garcia #49905-079
Federal Correctional Institution
P.O. 5000
Greenville, Il
62246

**TO:** Clerk
United States District Court
Southern District Of Texas
P.O. Box 61010
Houston, Tx
77208

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 4000
GREENVILLE, IL 62246

The enclosed letter was processed through special mailing procedures. The letter has neither been opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return enclosure to the above address.

www.usps.com