IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v | ) ) | No. H-89-232-SS-03 |
| ROQUE URDIALES GARCIA, | ) ) | |
| Defendant. | ) ) | |

United States Courts
Southern District of Texas
FILED
AUG 15 2019
David J. Bradley, Clerk of Court

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2) AND AMENDMENT 66

Comes now, Roque U. Garcia, Defendant, **pro se**, and hereby moves the Court for a sentence reduction and in support of states the following:

### BACKGROUND

Defendant was charged by superseding indictment on July 17, 1989, along with twenty-seven others, with various drug trafficking offenses, including conspiracy to posssess with intent to distribute and to import cocaine (Counts 1,3) conspiracy to possess with intent to distribute marihuana (Count 2), use of a telephone to facilitate distribution of marihuana (Counts 13-15, 19,23,24), distribution of marihuana (Count 16), use of a telephone to facilitate the distribution of cocaine (Counts 24,28,36,38), possession of cocaine with intent to distribute (Counts 26,39), distribution of cocaine (Count 27), importation of cocaine (Count 31), and engaging in a continuing criminal enterprise (Count 40). Defendant was convicted on all counts and was sentenced to: 600 months imprisonment on Counts 1,3,31,39 and 40; 480 months imprisonment on

1

Counts 2,26, and 27; 60 months imprisonment on Count 16; and 40 months imprisonment on Counts 13-15,19,23,25,28, and 36-38. All counts were ordered to be served concurrently. In relation to the CCE count the Court determined that the offense level under 2D1.1 was 38 and four levels would be added for Chapter 3 enhancements and that this finding was based on the 1987 version of the Guidelines. Although the offense was committed in July of 1989, Defendant was sentenced on August 30, 1990. On October 15, 1988 Amendment 66 amended the Guidelines that were in effect in 1987. Amendment 66 remained in effect until November 1, 1989. Amendment 66 reflected that the offense level for a Continuing Criminal Enterprise CCE) offense was 36 with no authorization to apply any adjustment from Chapter Three, Part B (Role in the Offense). Defendant subsequently filed a Motion To Vacate, Set Aside, or Correct Sentence. The district court found after argument that counsel was ineffective for failing to challenge the four point enhancement on appeal:

> Garcia's original sentence consisted of his base offense level under 2D1.1 and a four-level increase for his role as an organizer uner 3B1.1. This total resulted in an offense level of 42. However, this offense level was miscalculated. Because he was found guilty under 21 U.S.C. §848, for the offense of a continuing criminal enterprise, Garcia's sentence should have been calculated under 2D1.5. Under 2D1.5, anyone convicted of a continuing criminal enterprise should automatically be assessed a four point increase above the offense level in 2D1.1, applicable to the underlying offense. U.S.S.G.M. §2D1.5 (1997). Also, under a 2D1.5 calculation, role as an organizer is not a factor to be considered and should not be included within the adjustment. Therefore, under the revised calculation, Garcia's offense level should been calculated at 42 (base level offense under 2D1.1 of 38 plus 4 points assessed under 2D1.5). This calculation is precisely the same as the previous calculation which assessed Garcia a four-point increase for being an organizer.

As the Court clearly stated the recalculation was applied using the 1997 version of U.S.S.G.M. 2D1.5. However, using the 1997 version resulted in an Ex Post Facto violation as the version of 2D1.5 that was in effect when Defendant committed his offense in July of 1989 was Amendment 66, effective October 15, 1988. Thus application of the 1997 version to an offense that was committed in July of 1989 resulted in increased punishment that was not authorized.

2

## ARGUMENT

Section 3582(c)(2) generally bars district courts from modifying sentences after they have been imposed. <u>United States v Dillon</u> 560 U.S. 817, 824-25 (2010); <u>United States v Banks</u> 770 F. 3d 346, 348 (5th Cir. 2014). §3582(c)(2), however, permits the discretionary reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o)." 18 U.S.C.§3582(c)(2); <u>Banks</u> 770 F. 3d @ 348. Under U.S.S.G. §1B1.10(a)(1), "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. §1B1.10(d)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2).'" '" In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable' if the amendment was in effect at the time the defendant was sentenced." In case at bar this is the key issue because the Amendment 66 was actually the law when the offense was committed, thus the Court was obligated to apply it to the matter without authorization to apply any enhancements pursuant to Chapter Three. The CCE offense level was reduced to 36 with no application of adjustments. Under this offense level and Criminal History Category I, Defendant would have faced a defined range of 188-235 months imprisonment based on §2d1.5 effective October 15, 1988, since the offense was committed in July of 1989, a time period covered by Amendment 66.

3

As stated above the habeas Court determined that Defendant's offense level should have been calculated under 2D1.5 and under this guideline anyone convicted of a continuing criminal enterprise should automatically be assessed a four-point increase above the offense level in 2D1.1 applicable to the underlying offense. Thus, the version of 2D1.5 that the district court determined should have been calculated under carries a harsher penalty than the version of 2D1.5 that went into effect prior to the commission of the offense and remained in effect and unchanged during the time period of the commission of the offense. Thus, Amendment 66 that went into effect on October 15, 1988 had the effect of lowering the penalty a continuing criminal enterprise offense wherein the offense level was to be 36 and no adjustments from Chapter Three were authorized. This indeed was a reduced penalty from both the offense level that was calculated at sentencing and the offense level calculation that the district court (habeas) determined should have been used at sentencing. Amendment 66 U.S.S.G. App. C reduced the penalty for a CCE offense and this Court should grant a reduction in the term of imprisonment based on the offense level reduction. See Exhibits A and B.

### POST SENTENCING CONDUCT

During the entire time of his incarceration Defendant has been a model prisoner after three decades of rehabilitation he has incurred not one incident report and has strived to improve himself through available means of Bureau of Prisons Rehabilitation Programs. Defendant's age speaks of a person that is not likely to recidivate. Past and president Presidents, Congress, and the Sentencing Commission as well as society have all made major advances in permitting people such as Defendant to have a second chance to be a plus to the community and lead a law-abiding life with new members of his family that were not even born when he became incarcerated.

4

Dated: July 31, 2019

Respectfully submitted,

*Roque U. Garcia*
Roque U. Garcia
FCC-Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

5

# EXHIBIT A

1988-1990 AMENDMENTS

  2. If the conduct intentionally or recklessly endangered the safety of the aircraft or passengers, an upward departure may be warranted.".

Appendix A is amended by inserting the following statute in the appropriate place according to statutory title and section number:

  "49 U.S.C. § 1472(k)(1)    2A5.3".

The purpose of this amendment is to make the guidelines more comprehensive. The effective date of this amendment is October 15, 1988.

66. Section 2D1.5 is amended by deleting the entire text of the guideline and accompanying commentary as follows:

  "(a) Base Offense Level:

    (1) 32, for the first conviction of engaging in a continuing criminal enterprise; or

    (2) 38, for the second or any subsequent conviction of engaging in a continuing criminal enterprise; or

    (3) 43, for engaging in a continuing criminal enterprise as the principal administrator, leader, or organizer, if either the amount of drugs involved was 30 times the minimum in the first paragraph (i.e., the text corresponding to Level 36) of the Drug Quantity Table or 300 times the minimum in the third paragraph (i.e., the text corresponding to Level 32), or the principal received $10 million in gross receipts for any twelve-month period.

Commentary

Statutory Provision: 21 U.S.C. § 848.

Application Note:

1. Do not apply any adjustment from Chapter Three, Part B (Role in the Offense).

Background: The base offense levels for continuing criminal enterprises are mandatory minimum sentences provided by the statute that mandate imprisonment for leaders of large scale drug enterprises. A conviction establishes that the defendant controlled and exercised decision-making authority over one of the most serious forms of ongoing criminal activity. Therefore, an adjustment for role in the offense in Chapter Three, Part B, is not applicable.",

and inserting in lieu thereof:

  "(a) Base Offense Level: 36

Commentary

Statutory Provision: 21 U.S.C. § 848.

Application Notes:

1. Do not apply any adjustment from Chapter Three, Part B (Role in the

APPENDIX C

Offense).

2. If as part of the enterprise the defendant sanctioned the use of violence, if the quantity of drugs substantially exceeds that required for level 36 in the drug quantity table, or if the number of persons managed by the defendant is extremely large, an upward departure may be warranted.

3. Under 21 U.S.C. § 848, certain conduct for which the defendant has previously been sentenced may be charged as part of the instant offense to establish a "continuing series of violations." A sentence resulting from a conviction sustained prior to the last overt act of the instant offense is to be considered a prior sentence under §4A1.2(a)(1) and not part of the instant offense.

4. Violations of 21 U.S.C. § 848 will be grouped with other drug offenses for the purpose of applying Chapter Three, Part D (Multiple Counts).

Background: Because a conviction under 21 U.S.C. § 848 establishes that a defendant controlled and exercised authority over one of the most serious types of ongoing criminal activity, this guideline provides a base offense level of 36. An adjustment from Chapter Three, Part B is not authorized because the offense level of this guideline already reflects an adjustment for role in the offense.

Title 21 U.S.C. § 848 provides a 20-year minimum mandatory penalty for second convictions and a mandatory life sentence for principal administrators of extremely large enterprises. If the application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence. See §5G1.1(b).".

The purpose of this amendment is to ensure that the guideline adequately reflects the seriousness of the criminal conduct. The previous guideline specified sentences that were lower than sentences typically imposed on defendants convicted of engaging in a continuing criminal enterprise, a result that the Commission did not intend. The guideline is also amended to delete, as unnecessary, provisions that referred to statutory minimum sentences. The effective date of this amendment is October 15, 1988.

67. Chapter One, Part A (4)(b) is amended in the first sentence by deleting "... that was" and inserting in lieu thereof "of a kind, or to a degree,".

Chapter One, Part A, section 4(b) is amended in the second sentence of the last paragraph by deleting "Part H" and inserting in lieu thereof "Part K (Departures)", and in the third sentence of the last paragraph by deleting "Part H" and inserting in lieu thereof "Part K".

The purposes of this amendment are to conform the quotation to the statute, as amended by Section 3 of the Sentencing Act of 1987, and to correct a clerical error. The effective date of this amendment is November 1, 1989.

68. Chapter One, Part A, section 4(b) is amended in the first sentence of the fourth paragraph by deleting "three" and inserting in lieu thereof "two"; in the fourth paragraph by deleting the second through eighth sentences as follows:

"The first kind, which will most frequently be used, is in effect an interpolation between two adjacent, numerically oriented guideline rules. A specific offense characteristic, for example, might require an increase of four levels for serious bodily injury but two levels for bodily injury. Rather than requiring a court to force middle instances into either the 'serious' or the 'simple' category, the guideline commentary suggests that the court may interpolate and select a midpoint increase of three levels. The Commission has decided to call such an interpolation a 'departure' in light of the

C.32                                                              November 1, 1990

# EXHIBIT B

2. *In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.*

<u>Background</u>: *Section 3582 (c)(2) of Title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."*

*This policy statement provides guidance for a court when considering a motion under 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."*

*Among the factors considered by the Commission in selecting the amendments included in subsection (c) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively.*

*The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion is in accord with the legislative history of 28 U.S.C. § 994(u) (formerly § 994(t)), which states: "It should be noted that the Committee does not expect that the Commission will recommend adjusting existing sentences under the provision when guidelines are simply refined in a way that might cause isolated instances of existing sentences falling above the old guidelines\* or when there is only a minor downward adjustment in the guidelines. The Committee does not believe the courts should be burdened with adjustments in these cases." S. Rep. 225, 98th Cong., 1st Sess. 180 (1983).*

\*<u>So</u> in original. Probably should be "to fall above the amended guidelines".

<u>Historical Note</u>: Effective November 1, 1989 (<u>see</u> Appendix C, amendment 306). Amended effective November 1, 1990 (<u>see</u> Appendix C, amendment 360); November 1, 1991 (<u>see</u> Appendix C, amendment 423); November 1, 1992 (<u>see</u> Appendix C, amendment 469); November 1, 1993 (<u>see</u> Appendix C, amendment 502); November 1, 1994 (<u>see</u> Appendix C, amendment 504); November 1, 1995 (<u>see</u> Appendix C, amendment 536).

§1B1.11.   <u>Use of Guidelines Manual in Effect on Date of Sentencing</u> (Policy Statement)

    (a)    The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.

    (b)    (1)    If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the <u>ex post facto</u> clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

              (2)    The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another

March 4, 2019

Roque U. Garcia #49905-079
FCC-Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

OFFICE OF THE CLERK
BOB CASY COURTHOUSE
515 RUSH STREET, Room 5300
HOUSTON, TX 77002-2600

Re: UNITED STATES v GARCIA   No. H-89-232-SS-03

Dear Clerk:
    Please find enclosed Motion For Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) and Amendment 66. Please file the same as soon as practical and thereafter please send notice of receipt and filing.

Thank you for your time and any assistance in this matter.

Sincerely,

Roque U. Garcia

*Roque U. Garcia*

Roque U. Garcia # 49905-079
Federal Correctional Institution
F.C.I. Forrest City-Low
P.O. Box 9000
Forrest City, AR. 72336

Legal Mail !

Special Mail !

FEDERAL CORRECTIONAL INSTITUTION MEDIUM
DATE 8/1/19
THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.



CERTIFIED MAIL

United States Courts
Southern District of Texas
F I L E D
AUG 15 2019
David J. Bradley, Clerk of Court

United States Courthouse
515 Rusk St. Room 5300
Houston, Tx. 77002-2600




1000


77002



U.S. POSTAGE PAID
FCM LG ENV
FORREST CITY, AR
72335
AUG 12, 19
AMOUNT
$0.00
R2305E125361-54